Filed 10/9/24  P. v. Frans CA2/4

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, <br><br>     Plaintiff and Respondent, <br><br> v. <br><br> DAVID WAYNE FRANS, <br><br>     Defendant and Appellant. | B332532 <br><br> Los Angeles County <br> Super. Ct. No. MA004251 |

APPEAL from an order of the Superior Court of Los Angeles County, Daviann L. Mitchell, Judge. Reversed and remanded with instructions.

Marilee Marshall, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Steven D. Matthews and Michael J. Wise, Deputy Attorneys General, for Plaintiff and Respondent.

In 1993, defendant and appellant David Wayne Frans pled guilty to second degree murder. The trial court sentenced him to 15 years to life in state prison. In 2019, Frans filed a petition for recall and resentencing under former Penal Code section 1170.95.[1] In 2020, the trial court denied the petition without issuing an order to show cause. On appeal, a different panel of this court reversed the order denying relief and remanded the matter to the trial court for an evidentiary hearing under section 1172.6, subdivision (d)(3). (*People v. Frans* (Oct. 29, 2021, B307967) (*Frans I*) [nonpub. opn.].)

On remand, the trial court appointed counsel for Frans. The prosecution filed a brief arguing Frans was guilty of murder under current law. In its brief, the prosecution relied on testimony adduced at co-defendant James Tindell's preliminary hearing, which the prosecution asserted proved beyond a reasonable doubt Frans remains guilty of murder under current law. Relying on facts contained in co-defendant Tindell's preliminary hearing transcript, the trial court denied Frans relief, concluding the prosecution had proven beyond a reasonable doubt Frans was guilty of murder under current law.

Frans timely appealed. He argues Tindell's preliminary hearing transcript was inadmissible hearsay. That transcript, however, is not included in the appellate record in this case.

---

1    All undesignated statutory references are to the Penal Code. Effective June 30, 2022, the Legislature renumbered section 1170.95 to section 1172.6. (Stats. 2022, ch. 58, § 10.) There were no substantive changes to the statute. For clarity, we will refer to the statute by its new section number. That section provides relief to certain individuals convicted of murder under an imputed-malice theory of liability. (See § 1172.6.)

It is unclear why the prosecution did not rely on Frans's preliminary hearing transcript instead of, or in addition to, Tindell's, when seeking to prove its case in the trial court. We take judicial notice of the record in *Frans I* resolving Frans's previous section 1172.6 appeal (case number B307967). We note that the record in that case contains both preliminary hearing transcripts.

The case is remanded to the trial court for further proceedings under section 1172.6, subdivision (d)(3). If the prosecution elects to offer either or both preliminary hearing transcripts in seeking to prove its case against Frans, the trial court should rule on any objection to the admissibility of those transcripts under subdivision (d)(3).

## DISPOSITION

We reverse the trial court's order denying Frans section 1172.6 relief, and remand the case for further proceedings under section 1172.6, subdivision (d)(3).

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

CURREY, P. J.

We concur:

COLLINS, J.

ZUKIN, J.

4